T.C. Memo. 2004-141


UNITED STATES TAX COURT


DANIEL J. SIDES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3313-02.                    Filed June 17, 2004.


Daniel J. Sides, pro se.

<u>Stephen P. Baker</u>, for respondent.


MEMORANDUM OPINION


VASQUEZ, <u>Judge</u>:  Respondent determined a $2,987 deficiency
in and a $327.40 penalty pursuant to section 6662[1] on
petitioner's 1999 Federal income tax.  On July 15, 2003,
respondent filed a motion for sanctions under section 6673.

---

[1]  Unless otherwise indicated, all section references are to
the applicable Internal Revenue Code.

After concessions, the sole issue for decision is whether to impose a penalty pursuant to section 6673.

Background

Petitioner is 26 years old.  In the petition, petitioner made tax protester type arguments.

At calendar call, petitioner appeared and admitted that he received income as determined in the notice of deficiency. Petitioner stated that he realized that the arguments he made in the petition were inappropriate.  Petitioner conceded that he owed the deficiency and the section 6662 penalty.

Petitioner admitted that respondent previously assessed the section 6702 frivolous return penalty against him.  Petitioner stated that this was the first time he pursued these arguments in administrative or legal proceedings.  Petitioner further stated that he did not intend to make these arguments in the future, he understood he owed taxes on income he earned and income taxes are constitutional, and he does not intend to appear in the Court again.

Petitioner indicated his willingness to sign a document attesting to his concessions.  Petitioner promptly signed a document (stipulation of settlement) that was filed with the Court at the hearing on the section 6673 penalty.  In the stipulation of settlement, petitioner agreed that there was a deficiency of $2,987 and a section 6662 penalty of $327.40 due

from petitioner for 1992.  The stipulation of settlement also provided that the Court may enter a decision for these amounts, interest will be assessed on the deficiency and penalty, and petitioner waived the restrictions on assessment and collection of the deficiency, penalty, and interest.

Discussion

We consider whether petitioner has engaged in behavior that warrants imposition of a penalty pursuant to section 6673. Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

Petitioner now admits that his position was frivolous and groundless.  This was the first time petitioner pursued these arguments in administrative or legal proceedings.  Petitioner stated to the Court that he did not intend to make these arguments in the future or appear in the Court again, and petitioner understood he owed taxes on income he earned and income taxes are constitutional.  Petitioner agreed to sign the stipulation of settlement which listed the amount of deficiency and addition to tax owed, and petitioner promptly signed the stipulation of settlement.

Upon the basis of the facts of this case, we shall not now impose a penalty pursuant to section 6673(a)(1).  We take this opportunity, however, to warn petitioner that the Court shall impose such a penalty if he returns to the Court and proceeds in a similar fashion in the future.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.